**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Richard M. Horton, | ) | No. CV-05-432-PHX-SMM |
| | ) | |
| Plaintiff, | ) | |
| | ) | **RULE 16 SCHEDULING ORDER** |
| v. | ) | |
| | ) | |
| Phoenix Fuels Co. Inc., et al. , | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

On November 28, 2006, a Preliminary Pretrial Conference was held in open Court pursuant to Rule 16(b) of the Federal Rules of Civil Procedure.  Prior to the conference, the parties filed a Rule 26(f) Case Management Plan.

At the conclusion of the Preliminary Pretrial Conference, the Court ruled that, in order to provide the parties sufficient time to attempt to settle the present case, no party is permitted to propound potential discovery or file any motions between November 28, 2006 and January 19, 2007.  The Court further ruled that, if the case cannot be settled by January 19, 2007, the parties are required to file a stipulated schedule setting forth proposed deadlines for discovery and the filing of dispositive motions no later than February 2, 2007.

On February 2, 2007, the parties filed a Stipulation for Discovery and Dispositive Motions Schedule, stating that the case could not be settled. (Dkt. 24.) The Stipulation also sets forth a schedule of proposed deadlines for discovery and the filing of dispositive motions.  Pursuant to the terms of the Case Management Plan and the Stipulation (dkt. 24), all parties are hereby ordered to comply with the deadlines established in this Order.

1    **IT IS HEREBY ORDERED** that the current provisions of the Federal Rules of Civil

2    Procedure shall apply to all proceedings concerning this case.

3    **IT IS FURTHER ORDERED** that all Initial Disclosures as defined in Federal Rule

4    of Civil Procedure 26(a), if not already exchanged prior to the time of this Preliminary

5    Pretrial Conference, shall be made **no later than five (5) days** after date of entry of this

6    Order or, in the alternative, no later than **February 12, 2007.**

7    **IT IS FURTHER ORDERED** that to satisfy the requirements of Federal Rule of

8    Civil Procedure 26(a), the parties shall file with the Clerk of the Court a <u>Notice of Initial</u>

9    <u>Disclosure</u>, rather than copies of the actual disclosures.

10   **IT IS FURTHER ORDERED** that all discovery, **if ordered**, including depositions

11   of parties, witnesses, and experts, answers to interrogatories, and supplements to

12   interrogatories must be completed by **May 31, 2007**.  In no event, however, shall this

13   provision alter the duties and obligations imposed upon the parties by Federal Rule of Civil

14   Procedure 26(e).  This Order contemplates that each party will conduct discovery in such a

15   manner as to complete, within the deadline, any and all discovery.  "Last minute" or

16   "eleventh hour" discovery which results in insufficient time to undertake additional discovery

17   and which requires an extension of the discovery deadline will be met with disfavor, and

18   could result in denial of an extension, exclusion of evidence, or the imposition of other

19   sanctions.

20   **IT IS FURTHER ORDERED**, pursuant to the parties' Stipulation (dkt. 24), that

21   Plaintiff is entitled to conduct limited discovery in the nature of that which he previously

22   identified for the purpose of determining whether the "structural conflict" (where the claims

23   administrator is also the payor) warrants any reduced deference by the Court.

24   **IT IS FURTHER ORDERED**, pursuant to the parties' Stipulation (dkt. 24), that all

25   interrogatories, requests for production of documents and requests for admissions shall be

26   served not less than 45 days prior to the discovery cut-off date; namely, not later than **April**

27   **16, 2007.**

28

1    **IT IS FURTHER ORDERED**, pursuant to the parties' Stipulation (dkt. 24), that any

2    depositions, if determined to be appropriate, shall be scheduled to commence not later than

3    five (5) business days prior to the discovery cut-off; namely, on or before **May 26, 2007.**

4    **IT IS FURTHER ORDERED** reminding counsel of their duty under Rule 26(e) of

5    the Federal Rules of Civil Procedure to supplement all Rule 26(a) disclosures and responses

6    to discovery requests.   Pursuant to Rule 26(e)(1), any additions or other changes to

7    information previously disclosed must be made by **May 31, 2007.**   This Order therefore

8    supersedes the "thirty-day before trial" disclosure deadline contained in that Rule.  Therefore

9    (1) failure to have timely supplemented a Rule 26(a) disclosure, including but not limited to

10   witnesses and exhibits, or (2) a failure to have timely supplemented responses to any valid

11   discovery requests, or (3) attempting to include any witnesses or exhibits in the Proposed

12   Final Pretrial Order that were not previously disclosed in a timely manner as to allow for

13   meaningful discovery prior to the discovery cutoff date as established by this Order, may

14   result in the exclusion of such evidence at trial or the imposition of other sanctions.

15   **IT IS FURTHER ORDERED** that, **in the event of a discovery dispute, the parties**

16   **shall contact the Court to request a telephonic conference prior to filing any discovery**

17   **motions.**   The parties shall not contact the Court regarding a discovery dispute unless they

18   have been unable to resolve the dispute themselves, despite personal consultation and sincere

19   efforts to do so.  The parties shall not file any written materials related to a discovery dispute

20   or discovery motion without express leave of Court.   If the Court does order written

21   submissions, the movant shall include a statement certifying that counsel could not

22   satisfactorily resolve the matter despite personal consultation and sincere efforts to do so, in

23   accordance with LRCiv 7.2(j) of the Rules of Practice of the United States District Court for

24   the District of Arizona.

25   **IT IS FURTHER ORDERED** that all dispositive motions shall be filed no later than

26   **June 29, 2007**.  Such motions must be, in all respects, in full compliance with the Rules of

27   Practice of the United States District Court for the District of Arizona.

28

1     **IT IS FURTHER ORDERED** that no submissions to the Court shall contain any
2    footnotes in excess of five (5) lines.

3     **IT IS FURTHER ORDERED** that all parties are hereby specifically admonished that
4    failure to respond to a motion by serving and filing an answering memorandum within the
5    time period expressly provided for in LRCiv 7.2 of the Rules of Practice of the United States
6    District Court for the District of Arizona may be deemed a consent to the denial or granting
7    of the motion and the Court may then dispose of the motion summarily.

8     **IT IS FURTHER ORDERED** that the parties shall not notice oral argument on any
9    motion.  Instead, a party desiring oral argument on a motion shall request argument by
10   placing "Oral Argument Requested" immediately below the title of such motion, pursuant
11   to LRCiv 7.2(f) of the  Rules of Practice of the United States District Court for the District
12   of Arizona.  The Court will then issue a minute order scheduling the oral argument.

13     Oral argument shall be scheduled at the request of a party on all motions to dismiss
14   and motions for summary judgment.  On all other motions on which a party requests oral
15   argument, the Court will determine whether oral argument is necessary.  FURTHER, THE
16   PARTIES ARE REMINDED THAT OBTAINING A HEARING DATE IS PURELY
17   ADMINISTRATIVE.  ACCORDINGLY, REGARDLESS OF A HEARING DATE, THE
18   COURT MAY, AT ANY TIME AFTER THE MOTION IS FULLY BRIEFED,
19   DETERMINE THAT A HEARING IS UNWARRANTED AND RULE ON THE MOTION
20   WITHOUT ORAL ARGUMENT.

21     **IT IS FURTHER ORDERED** that any and all motions, requests, or stipulations for
22   extensions of time shall be made in accordance with the provisions of LRCiv 7.3 of the Rules
23   of Practice of the United States District Court for the District of Arizona.  Notwithstanding
24   this directive, however, if such a motion, request, or stipulation seeks an extension of time
25   in which to file a memorandum in response or in reply to a motion previously noticed for oral
26   argument, under no circumstances shall such a motion, request, or stipulation seek an
27   extension that would preclude the Court from having at least thirty (30) days from the due
28   date for the filing of the reply memorandum to consider the merits of the underlying motion

unless the motion, request, or stipulation also seeks to vacate and reschedule the oral argument.  Any motion, request, or stipulation that so seeks both an extension of time and rescheduling of a hearing shall contain a memorandum of points and authorities which demonstrates good cause for the Court to grant the requested extension.

**IT IS FURTHER ORDERED** that, if no dispositive motions are pending before the Court after the dispositive motions deadline has passed, Plaintiff(s) shall file a Notice of Readiness for Order Re: Final Pretrial Conference within ten (10) days of the dispositive motions deadline.

**IT IS FURTHER ORDERED** that, if dispositive motions are pending before the Court following the dispositive motions deadline, the Court will issue an Order Re:  Final Pretrial Conference following its resolution of the dispositive motions, if necessary.

**IT IS FURTHER ORDERED** that the Order Re: Final Pretrial Conference shall: 1) set deadlines for the filing of and response to motions in limine; 2)  instruct the parties on their duties in preparing for the Final Pretrial Conference and for trial; and 3) include a form for the completion of the parties' Proposed Pretrial Form of Order.

**IT IS FURTHER ORDERED** that the parties shall keep the Court informed regarding the possibility of settlement and should settlement be reached, the parties shall file a Notice of Settlement with the Clerk of the Court.

**IT IS FURTHER ORDERED** that this Court views compliance with the provisions of this Order as critical to its case management responsibilities and the responsibilities of the parties under Rule 16 of the Federal Rules of Civil Procedure.

DATED this 5th day of February, 2007.

Stephen M. McNamee
United States District Judge