**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Richard M. Horton, ) | No. CV-05-432-PHX-SMM |
| Plaintiff, ) | |
| v. ) | **ORDER** |
| Phoenix Fuels Co. Inc., et al., ) | |
| Defendants. ) | |

After careful review of the cross motions for summary judgment filed in this ERISA action (Docs. 30 and 43), as well as the accompanying briefs, responses, and replies, (Docs. 45, 49, 46, 52) it has come to the Court's attention that the parties have failed to provide the Court with the much needed administrative record. Furthermore, the aforementioned documents currently pending before the Court fail to provide the Court with a cogent analysis of relevant case law as to several critical issues. In lieu of providing the Court with a complete analysis of the relevant issues including proper case analysis, the parties ostensibly chose to rely on brief arguments which did not fully address the relevant issues or authority.

Consequently, before the Court can rule on these motions, the parties must provide the Court with a complete analysis, with **pinpoint citations to relevant authority**, as to (1) what extent the two-part test in *Atwood v. Newmont Gold Co., Inc.*, 45 F.3d 1317, 1322-23 (9th Cir.1995), is applicable in this case,[1] (2) what the purpose is behind the "Optional Plan", set forth in the document entitled Your Enrollment Kit, which resulted in Plaintiff paying

---

[1] With regard to the "material probative evidence" required, counsel must provide pinpoint citations to the administrative record.

additional premiums to Defendant in order to increase his disability payments[2], (3) who is the proper party for a benefit claim, (i.e. Giant, Prudential, etc.), (4) should the amount of offset include money paid to Mr. Horton's attorney for the purpose of obtaining benefits?[3]

Counsel are reminded that it is a violation of this Court's orders to draft footnotes any longer than 5 lines or to use font any smaller than 13 in body text or footnote text. Furthermore, regardless of which standard of review is applicable in this case, in order for this Court to decide the pending motions for summary judgment, the Court must be provided with the administrative record in its entirety, and the briefs must cite to the administrative record accordingly.  Therefore,

**IT IS HEREBY ORDERED DENYING** without prejudice the pending cross motions for summary judgment (Doc. 30) and (Doc. 43).

**IT IS FURTHER ORDERED** that no later than **April 14, 2008,** Counsel may re-file the motions contemporaneously with the supplemental briefs (not to exceed 7 pages) and the administrative record.[4]

DATED this 17th day of March, 2008.

Stephen M. McNamee
United States District Judge

---

[2] In other words, do the options exist, if so, to whom do they apply; if not, what effect does that have on the additional payments paid by Plaintiff? Exactly how does an employee who has chosen to purchase additional income replacement recoup the money paid into the optional plan?

[3] Despite the fact that the parties agreed that offset is appropriate as to SSDB, the issue of offset raised as to Mr. Horton's attorney's fees was not properly addressed. Counsel **must** to cite to relevant authority in their supplemental briefs.

[4] The motions for summary judgment shall **not** be altered substantively. However, counsel are ordered to provide therein pinpoint citations to the administrative record. The additional information requested in this Order must be submitted in the form of a supplemental brief.